[939 NYS2d 109]

In the Matter of FRANTZ METELLUS, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, February 21, 2012

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

*Frantz Metellus*, Brooklyn, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the Grievance Committee) served the respondent with a petition dated July 13, 2010. Following a hearing held on September 1, 2010, the Special Referee sustained the charge. The Grievance Committee now moves to confirm the report of the Special Referee and for imposition of such discipline as the Court deems just and appropriate. The respondent has submitted a memorandum in support of suspension, wherein he argues that a suspension of one year is the appropriate discipline.

Charge one alleges that the respondent violated rule 8.4 (b), (c) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0), based on his conviction of a serious crime.

On March 20, 2009, the respondent pleaded guilty in the United States District Court for the Eastern District of New York, before United States Magistrate Judge Steven M. Gold, to the crime of conspiracy to commit wire fraud and bank fraud, in violation of 18 USC § 1349, a class B felony. On March 16, 2010, United States District Court Judge Jack B. Weinstein sentenced the respondent to a term of imprisonment of six months, plus three years of postrelease supervision. He was directed to pay restitution in the amount of $5,166,900, jointly and severally with all codefendants, payable at the rate of $100 per month, beginning one year after his release from prison. An assessment of $100 was also imposed. (*United States v Metellus*, 2010 WL 1174303, 2010 US Dist LEXIS 30244 [ED NY 2010].)

Based on the uncontroverted evidence and the respondent's admissions, the Special Referee properly sustained the charge. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.

In determining the appropriate measure of discipline to impose, the respondent asks that the Court consider the fact

that he was not the mastermind of the underlying mortgage fraud scheme, but just one of its participants; that he allegedly did not share in the ill-gotten profits and only received his customary legal fees for conducting the necessary closings; that he is remorseful; and that his conduct was allegedly the product of a relatively naive, inexperienced attorney.

Notwithstanding the fact that the respondent was not the mastermind of the fraud, he was a knowing participant in an on-going fraudulent scheme which lasted three years, and resulted in substantial losses to the victims, as reflected in the restitution amount of $5,166,900. Moreover, he caused his associate, a young novice attorney, to become a member of the conspiracy (see Matter of Gayle, 2010 NY Slip Op 87198[U] [2d Dept 2010]). We do not find the respondent's professed naivete to be credible.

Under the circumstances of this case, effective immediately, the respondent is disbarred.

MASTRO, A.P.J., RIVERA, SKELOS, DILLON and ANGIOLILLO, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that, effective immediately, the respondent, Frantz Metellus, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Frantz Metellus, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Frantz Metellus, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Frantz Metellus, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).