Matter of Maddiwar (2020 NY Slip Op 03662)





Matter of Maddiwar


2020 NY Slip Op 03662


Decided on July 1, 2020


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
RUTH C. BALKIN, JJ.


2019-06945

[*1]In the Matter of Rajesh Maddiwar, a suspended attorney. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Rajesh Maddiwar, respondent. (Attorney Registration No. 2913150)



The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on November 4, 1998. By order to show cause dated December 16, 2019, this Court immediately suspended the respondent from the practice of law pursuant to Judiciary Law § 90(4)(f) based on his conviction of a serious crime, and directed him to show cause pursuant to 22 NYCRR 1240.12(c)(2)(i) why a final order of suspension, censure, or disbarment should not be made based on his conviction of a serious crime.



Diana Maxfield Kearse, Brooklyn, NY (Thomas J. Murphy of counsel), for petitioner.
Foley Griffin, LLP, Garden City, NY (Chris McDonough of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
On June 27, 2018, the respondent was convicted, following a jury trial, in the United States District Court for the Southern District of New York, of conspiracy to commit wire fraud and bank fraud in violation of 18 USC § 1349. On July 19, 2019, the respondent was sentenced to 60 months imprisonment and 3 years of supervised release, and was directed to pay a special assessment fee of $100 and restitution in an amount to be determined.
The indictment underlying the respondent's conviction alleged that between January 2013 and May 2015, the respondent and others engaged in a conspiracy which tricked or coerced distressed homeowners living in the New York City area into selling or deeding their properties to one of many businesses operated or controlled by the conspirators. Two of those businesses were Housing Assistance Services of New York and Launch Development, LLC. Housing Assistance Services of New York would reach out to distressed homeowners and invite them to seek assistance to avoid foreclosure and save their homes through loan modifications or transfers of their properties to trusted relatives. Homeowners would sign documents, which were often blank. Unbeknownst to the homeowners, by signing the documents, they were agreeing to sell their homes to Launch Development, LLC, or another of the conspirators' businesses, and soon found themselves forced to vacate their homes or pay rent to Launch Development, LLC, or another of the businesses. To accomplish the scheme, the conspiracy falsified documents to obscure from banks and homeowners its position on both sides of the real estate transactions.
By order to show cause dated December 16, 2019, this Court immediately suspended [*2]the respondent from the practice of law pursuant to Judiciary Law § 90(4)(f) based on his conviction of a serious crime, and directed him to show cause pursuant to 22 NYCRR 1240.12(c)(2)(i) why a final order of suspension, censure, or disbarment should not be made based on his conviction of a serious crime.
By letter dated January 30, 2020, counsel for the respondent advised the Court that due to the respondent's incarceration, the respondent was unavailable to execute a response to the order to show cause, and noted that the respondent takes no position on his sanction and defers to the Court's discretion.
The respondent's conviction reflects his participation in an ongoing fraudulent scheme which lasted more than two years. During the conspiracy, distressed homeowners were tricked or coerced into selling or deeding their properties to one of many businesses operated or controlled by the conspirators. Under the totality of the circumstances, we find disbarment is warranted, and effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law (see Matter of Metellus, 94 AD3d 14).
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Rajesh Maddiwar, a suspended attorney, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Rajesh Maddiwar, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Rajesh Maddiwar, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Rajesh Maddiwar, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court